UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM S. KINDLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:04-cv-0934-DFH-TAB |
| | ) | |
| JOHN E. POTTER, UNITED STATES POSTAL SERVICE, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME
AND MOTION TO AMEND COMPLAINT**

**I.  Introduction.**

On July 14, 2005, Plaintiff William Kindler filed a motion to amend his complaint. [Docket No. 40]. On August 9, 2005, Plaintiff moved the Court to extend the time to respond to Defendant's motion for summary judgment and to extend discovery deadlines. [Docket No. 45]. This opposed motion indicated that Plaintiff received Defendant's discovery responses on July 26, 2005, that these responses were incomplete, and that as a result Plaintiff could not respond to Defendant's summary judgment motion. [Docket Nos. 45, ¶¶ 5-10]. This scenario prompted the Court to set this matter for an immediate telephonic status conference[1] that was held on August 12, 2005. Counsel for the parties participated and were given an opportunity to be heard on these motions. [Docket No. 47]. For the reasons stated below, Plaintiff's motion for an extension of deadlines is GRANTED in part and DENIED in part. Plaintiff's motion to amend

---

[1] Plaintiff originally brought this action pro se. Plaintiff's counsel entered his appearance on Plaintiff's behalf on May 26, 2005.

his complaint is DENIED.

**II.     Discussion.**

    **A.     Motion for extension of deadlines.**

Defendant filed its motion for summary judgment on May 31, 2005. [Docket No. 34]. Plaintiff responded by filing three motions for enlargement of time. [Docket Nos. 38, 42, and 45]. Plaintiff premises his most recent enlargement of time upon a discovery dispute. The discovery dispute involves Plaintiff's request for documents subject to a November 24, 2004, agreed protective order. [Docket No. 24]. Plaintiff contends that Defendant is withholding disciplinary and related documents for two similarly situated individuals, which he contends were contemplated in the agreed protective order. Local Rule 37.1 provides the appropriate method for resolving such disputes. However, Plaintiff did not pursue any of the means identified in Local Rule 37.1. A closer review of the discovery dispute suggests why.

Plaintiff is a former part-time flexible clerk whom the Postal Service terminated for alleged improper behavior toward a 16-year-old female customer. During discovery, Plaintiff sought records involving alleged misconduct by Maureen Fager and Pam Hollifield. Plaintiff contends that Defendant treated both preferentially when it did not terminate Fager for attendance problems and did not terminate Hollifield for a non-specified "sexual encounter" on the job.

Plaintiff seeks an "absence analysis" for Fager, as was done on the Plaintiff. However, Defendant contends that no absence analysis was done for Fager, so no such document exists. Moreover, Defendant states that no discipline records exist for Fager. Based on the information before the Court, Plaintiff has not sufficiently demonstrated that Defendant failed to produce all

responsive information related to Plaintiff's requests involving Fager.

Additionally, Fager is a senior, full-time lead/SLS service associate with the Defendant, and thus, she is governed by different standards for removal than Plaintiff who is a part-time flexible clerk. Given this difference, Fager is not similarly situated to Plaintiff. See Wyninger v. New Venture Gear, Inc., 361 F.3d 965, 979 (7th Cir. 2004) (similarly situated means an employee is "directly comparable in all material respects"). The same is true with respect to Hollifield, a manager of distribution and operations. Hollifield is not similarly situated to Plaintiff due to the extreme differences in their positions, even though both purportedly were involved in sexual-related incidents. Because Fager and Hollifield are not similarly situated to Plaintiff, his requests for their employment records are not reasonably calculated to lead to the discovery of admissible evidence, and the requested information is not relevant for the purposes of discovery pursuant to Rule 26. Fed. R. Civ. P. 26(b)(1).

For the above-stated reasons, Defendant's objection to producing Fager's and Hollifield's disciplinary records is sustained. Accordingly, Plaintiff's motion for extension of time to conduct discovery is denied. Plaintiff's motion is granted to the extent it seeks additional time to respond to the pending motion for summary judgment. Plaintiff shall respond by September 30, 2005. The Court does not contemplate granting additional enlargements of time.

**B.      Motion to amend complaint.**

At the August 12, 2005 status conference, the parties further addressed Plaintiff's motion to amend his complaint. [Docket No. 40]. Plaintiff filed his original complaint pro se, and the proposed amendment comes less than 60 days after counsel entered his appearance for the Plaintiff. Plaintiff asserts that the proposed amendment is necessary to "clarify Plaintiff's

3

claims...." [Docket No. 40, ¶ 5]. Defendant objects to this motion for a variety of reasons. [Docket No. ¶ 44]. Once again, Defendant's objection is sound. For the reasons stated below, Plaintiff's motion for leave to amend shall be granted in part and denied in part.

It is well-settled that leave to amend shall be freely granted. Fed. R. Civ. P. 15(a). However, Plaintiff's proposed amendment for the first time seeks to add a national origin discrimination claim, requests a jury trial, and seeks punitive damages. Plaintiff's suggestion that this is a mere clarification of his initial claims is disingenuous. First, Plaintiff never filed an EEOC claim asserting national origin discrimination (as opposed to race discrimination, which is alleged in the complaint.) Additionally, Defendant's summary judgment motion seeking dismissal of the race claim has been pending since May 31, 2005. Moreover, the deadline for Defendant to conduct discovery is closed and Plaintiff did not request a jury trial in his original complaint. Lastly, punitive damages are not available against the Defendant, a federal government agency.

While it is true that Plaintiff's national origin claim is beyond the scope of his EEOC charge, this claim relies on the same facts as his race claim; only the legal cause of action has changed. And this new cause of action -- national origin discrimination -- is often linked with claims of race discrimination, which the Plaintiff did assert. Thus, Plaintiff's complaint is understood to assert claims for both race discrimination and national origin discrimination. No amended complaint is necessary under these circumstances. However, Plaintiff's motion is denied to the extent he seeks to assert any other theories, seeks a jury trial, or punitive damages.

Finally, Defendant contends that it needs additional time for discovery in the event that the amendment is granted. The Court disagrees. The legal analysis for Plaintiff's race

4

discrimination claim is the same as for his race discrimination claim.  Defendant has adequately set forth that analysis, as well as its argument for dismissal, in the pending motion for summary judgment.  In the event Plaintiff's claims survive summary judgment, the Court would reconsider reopening discovery for the sole purpose of exploring Plaintiff's national origin claim.

In summary, and for the above-stated reasons, Plaintiff's motion for extension of time [Docket No. 45] is denied to the extent it seeks additional time to engage in discovery.  Plaintiff's motion is granted to the extent it seek additional time to respond to the pending motion for summary judgment.  Plaintiff shall respond to the motion by September 30, 2005.  Plaintiff's motion for leave to amend his complaint [Docket No. 40] is granted in part and denied in part.  The motion is granted to the extent that Plaintiff's complaint is understood to assert claims for both race discrimination and national origin discrimination.  The motion is denied to the extent Plaintiff seeks to assert any other theories, seeks a jury trial, or punitive damages.

Dated: 08/26/2005

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Debra G. Richards
UNITED STATES ATTORNEY'S OFFICE
debra.richards@usdoj.gov

Gregory A. Stowers
STOWERS WEDDLE & HENN PC
gstowers@swh-law.com

5