UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

WILLIAM S. KINDLER,

Plaintiff,

v.

JOHN E. POTTER, in his official capacity as Postmaster General of the United States Post Office,

Defendant.

CASE NO. 1:04-cv-0934-DFH-TAB

ORDER ON PENDING MATTERS

The disagreement between plaintiff Kindler and his attorney, combined with Mr. Kindler's habit of filing documents himself while he was still represented by counsel, has now produced a procedural muddle. The court will resolve that muddle as follows.

First, the court grants attorney Stowers' motion to withdraw. It is apparent that the relationship between Mr. Stowers and Mr. Kindler has broken down. The court notes Mr. Kindler's letter filed November 7, 2005 stating that Mr. Stowers had informed him he would not be responding to the defendant's motion for summary judgment because of a lack of evidence.

Second, Mr. Kindler's "Motion for Summary Judgment for the Plaintiff" filed on November 7, 2005 is hereby denied. The motion does not comply with this court's Local Rule 56.1 in numerous respects, and it was filed long after the deadline for such motions. To the extent Mr. Kindler seems to believe summary judgment should be a sanction for a failure to make a discovery response, he has not begun to lay the foundation for such a motion. Also, the court notes that Mr. Stowers had raised an issue with Mr. Kindler as to whether he and the other employee in question had worked for the same supervisor. See attachments to Docket No. 57.

Third, defendant's motion for summary judgment has been on file since May 31, 2005. After extensions of time to respond, plaintiff submitted a response himself on September 30, 2005. Because plaintiff was then represented by counsel, the court's entry of October 4, 2005 stated that the filing would be disregarded. On October 4, 2005, the court ordered plaintiff to respond by counsel no later than October 12, 2005. The one way to avoid complying with that deadline was withdrawal of counsel. Accordingly, out of an abundance of caution, the court will grant plaintiff one final opportunity to respond to the defendant's motion for summary judgment. He shall do so **no later than November 28, 2005**.

Because plaintiff is now acting without counsel, he is entitled to certain information about the summary judgment procedure. Plaintiff is hereby notified

that a fact stated in the defendant's Statement of Material Facts and supported by admissible evidence will be accepted by the court as true for purposes of summary judgment unless the plaintiff cites and submits to the court specific and admissible evidence that contradicts that statement of material fact. Also, in compliance with this court's Local Rule 56.1(h), the full texts of Rule 56 of the Federal Rules of Civil Procedure and this court's Local Rule 56.1 are attached to this entry. Plaintiff is advised to read them carefully to ensure that any response to defendant's motion complies with those rules and other applicable law, such as the Federal Rules of Evidence. If he wishes to do so, plaintiff may submit with his opposition some or all of the materials he submitted on September 30, 2005, but the materials would need to be submitted in admissible form, with a brief that specifically identifies any disputed issues of fact and the evidence relied upon to create those disputed issues of fact.

Finally, the court notifies Mr. Kindler that he has an obligation to keep the court informed of a current address where he can receive mail, and that he has an obligation to send a copy to defense counsel of any document he files with the court, and that any document he files with the court must include a certificate that he has in fact complied with this obligation and how he has done so, as required by Rule 5 of the Federal Rules of Civil Procedure.

So ordered.

Date: November 8, 2005

DAVID F. HAMILTON, JUDGE

United States District Court
Southern District of Indiana

Copies to:

Gregory A. Stowers
STOWERS WEDDLE & HENN PC
gstowers@swh-law.com

Debra G. Richards
UNITED STATES ATTORNEY'S OFFICE
debra.richards@usdoj.gov

William S. Kindler
CRC 1933 Pleasonton Road
Fort Bliss, TX 79916

## FEDERAL RULE OF CIVIL PROCEDURE 56

**Rule 56. Summary Judgment**

**(a) For Claimant.**

A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

**(b) For Defending Party.**

A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

**(c) Motion and Proceedings Thereon.**

The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**(d) Case Not Fully Adjudicated on Motion.**

If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

**(e) Form of Affidavits; Further Testimony; Defense Required.**

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

**(f) When Affidavits are Unavailable.**

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

**(g) Affidavits Made in Bad Faith.**

Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

## LOCAL RULE 56.1

**Local Rule 56.1 - Summary Judgment Procedure**

**(a) Requirements for Moving Party**. A party filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56 shall serve and file a supporting brief and any evidence not already in the record upon which the party relies. The brief must include a section labeled "Statement of Material Facts Not in Dispute" containing the facts potentially determinative of the motion as to which the moving party contends there is no genuine issue. These asserted material facts shall be supported by appropriate citations to discovery responses, depositions, affidavits, and other admissible evidence either already in the record or contained in an appendix to the brief. Such citation shall be by page or paragraph number or similar specific reference, if possible; this citation form applies to all briefs filed under this rule.

**(b) Requirements for Non-Movant.** No later than 30 days after service of the motion, a party opposing the motion shall serve and file a supporting brief and any evidence not already in the record upon which the party relies. The brief shall include a section labeled "Statement of Material Facts in Dispute" which responds to the movant's asserted material facts by identifying the potentially determinative facts and factual disputes which the nonmoving party contends demonstrate that there is a dispute of fact precluding summary judgment. These facts shall be supported by appropriate citations to discovery responses, depositions, affidavits, and other admissible evidence either already in the record or contained in an appendix to the brief.

**(c) Reply Brief**. A party filing a motion for summary judgment may file a reply brief no later than 15 days after service of the opposing party's submissions.

**(d) Surreply**. If, in reply, the moving party relies upon evidence not previously cited or objects to the admissibility of the non-moving party's evidence, the non-moving party may file a surreply brief limited to such new evidence and objections, no later than seven days after service of the reply brief.

**(e) Effect of Factual Assertions.** For purposes of deciding the motion for summary judgment, the Court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts: are specifically controverted in the opposing party's "Statement of Material Facts in Dispute" by admissible evidence; are shown not to be supported by admissible evidence; or, alone, or in conjunction with other admissible evidence, allow reasonable inferences to be drawn in the opposing party's favor which preclude summary judgment. The Court will also assume for purposes of deciding the motion that any facts asserted by the opposing party are true to the extent they are supported

by admissible evidence. The parties may stipulate to the facts in the summary judgment process, and may state that their stipulations are entered only for the purpose of the motion for summary judgment and are not intended to be otherwise binding. The court has no independent duty to search and consider any part of the record not specifically cited in the manner described in sections (a) and (b) above.

**(f) Collateral Motions.** Collateral motions in the summary judgment process, such as motions to strike, are disfavored. Any dispute regarding the admissibility or effect of evidence should be addressed in the briefs.

**(g) Oral Argument or Hearing.** All motions for summary judgment will be considered as submitted for ruling without oral argument or hearing unless a request for such is granted under Local Rule 7.5 or the Court otherwise directs.

**(h) Notice to Pro Se Litigants.** If a party is proceeding pro se and an opposing party files a motion for summary judgment, counsel for the moving party must submit a notice to the unrepresented opposing party that:

(1) briefly and plainly states that a fact stated in the moving party's Statement of Material Facts and supported by admissible evidence will be accepted by the Court as true unless the opposing party cites specific admissible evidence contradicting that statement of material fact, and

(2) sets forth the full text of Fed. R. Civ. P. 56 and S.D. Ind. L.R. 56.1; and

(3) otherwise complies with applicable case law regarding required notice to pro se litigants opposing summary judgment motions.

**(i) Compliance.** The Court may, in the interests of justice or for good cause, excuse failure to comply strictly with the terms of this rule.